**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STOCKDALE INVESTMENT GROUP, INC. D/B/A STOCKDALE | § § § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STOCKDALE CAPITAL PARTNERS, LLC; STOCKDALE CAPITAL PARTNERS RE FUND I GP, LLC; STOCKDALE CAPITAL PARTNERS REAL ESTATE FUND, LP; STOCKDALE CAPITAL RE INVESTMENTS, LLC; STOCKDALE CAPITAL RE, LLC; and STOCKDALE CAPITAL SERVICES, LLC | § § § § § § § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND
<u>PERMANENT INJUNCTIVE RELIEF</u>**

Plaintiff Stockdale Investment Group, Inc. d/b/a Stockdale ("Stockdale") files this Original Complaint and Application for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief against Defendants Stockdale Capital Partners, LLC; Stockdale Capital Partners RE Fund I GP, LLC; Stockdale Capital Partners Real Estate Fund, LP; Stockdale Capital Partners RE Investments, LLC; Stockdale Capital RE, LLC; Stockdale Capital Services, LLC (collectively, "Stockdale Capital"). In support of the foregoing, Plaintiff respectfully shows the Court as follows:

1

# I.    PARTIES AND PROCESS

1.      Plaintiff Stockdale Investment Group, Inc. d/b/a Stockdale is a corporation organized under the laws of the State of Texas, with its corporate office located in Dallas, Texas.

2.      Defendant Stockdale Capital Partners, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office and place of business located in Los Angeles, California. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Stockdale Capital may be served with citation through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801; through the Texas Secretary of State pursuant to § 5.251(2)(B) of the Texas Business Organizations Code; or wherever else it may be found.

3.      Defendant Stockdale Capital Partners RE Fund I GP, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office and place of business, upon information and belief, located in Los Angeles, California. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Stockdale Capital may be served with citation through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801; through the Texas Secretary of State pursuant to § 5.251(2)(B) of the Texas Business Organizations Code; or wherever else it may be found.

4.      Defendant Stockdale Capital Partners Real Estate Fund, LP is a limited partnership organized under the laws of the State of Delaware, with its principal office and place of business, upon information and belief, located in Los Angeles, California.

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Stockdale Capital may be served with citation through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801; through the Texas Secretary of State pursuant to § 5.251(2)(B) of the Texas Business Organizations Code; or wherever else it may be found.

5.     Defendant Stockdale Capital Services, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office and place of business, upon information and belief, located in Los Angeles, California. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Stockdale Capital may be served with citation through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801; through the Texas Secretary of State pursuant to § 5.251(2)(B) of the Texas Business Organizations Code; or wherever else it may be found.

6.     Defendant Stockdale Capital RE Investments, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office and place of business, upon information and belief, located in Los Angeles, California. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Stockdale Capital may be served with citation through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801; through the Texas Secretary of State pursuant to § 5.251(2)(B) of the Texas Business Organizations Code; or wherever else it may be found.

7.     Defendant Stockdale Capital Partners RE, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal office and place of business, upon information and belief, located in Los Angeles, California. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Stockdale Capital may be served with citation through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801; through the Texas Secretary of State pursuant to § 5.251(2)(B) of the Texas Business Organizations Code; or wherever else it may be found.

## II.    JURISDICTION AND VENUE

8.     This Court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338 because this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; there is diversity of citizenship among the parties (Plaintiff being a Texas corporation and the Stockdale Capital entities being organized pursuant to the laws of Delaware), with more than $75,000 in controversy; and under principles of pendent and ancillary jurisdiction.

9.     This Court has personal jurisdiction over Stockdale Capital because Stockdale's claims arise in whole or in part out of Stockdale Capital's contacts with Texas, and Stockdale Capital regularly transacts business in the State of Texas at its office located at 13131 Dairy Ashford, Suite #390, Sugar Land, Texas, 77478 such that Stockdale Capital has purposefully availed itself of the benefits of the laws of the state of Texas.

10.    This Court has authority to issue injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §§ 1114, 1116, and 1125, and its inherent equitable powers.

11.    Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred within this district or arise out of the same transactions or occurrences or series of transactions or occurrences forming all or part of causes of action arising out of Sugar Land, Texas. 28 U.S.C. § 1391(b)(2).

### III.    FACTUAL BACKGROUND

#### A.    STOCKDALE'S BUSINESS

12.    Stockdale is a real estate services company operating in Texas, California, and North Carolina in the real estate design, construction, and property management space. Starting as a small, family business in 1989, Stockdale began its operations in Stockdale, California, expanded to Texas in 2007, and later began operating in North Carolina in 2010. Stockdale has operated continuously under the Stockdale name since the company's inception in 1989.[1]



13.    Shortly after Stockdale relocated its headquarters to Texas, in early 2012, Stockdale filed a certificate of merger with the Texas Secretary of State to merge

---

[1]    A true and correct copy of Stockdale's website (http://stockdale.com/) is attached hereto as **Exhibit 1**.

Stockdale with "Stockdale Investment Group, Inc." which had been previously registered and operating in California.[2] At that time, Stockdale registered the combined entity to do business in Texas.[3] In an effort to further protect its brand, in early 2014, Stockdale also registered the name "Stockdale, LLC", and in early 2017, Stockdale then registered the name "Stockdale Capital" with the Texas Secretary of State.

14.    By operating for almost 30 years under its name in real estate development and management in California, North Carolina, and Texas, Stockdale has established coast-to-coast, common-law trademark rights in the Stockdale name as associated with real estate design, construction, and property management. Since 1989, Stockdale has devoted substantial time, effort, and expense in the development of goodwill under its name. Specifically, Stockdale has spent years and hundreds of thousands of dollars in marketing, advertising, and providing products and services as "Stockdale." As a result of its substantial, continuous marketing efforts, Stockdale has come to be recognized as a premier provider of real estate development and property management services in California, Texas, and North Carolina.

15.    The Stockdale mark enjoys a high level of protection as an arbitrary mark. Although Stockdale was originally named for its initial base of operations in Stockdale, California (for no other reason than that is where the family business was started), Stockdale began moving its base of operations to Texas in 2011 and formally merged its California company with the Texas "Stockdale" in early 2012. Aside from the meaning

---

[2]    A true and correct copy of Stockdale's Certificate of Merger is attached as **Exhibit 2**.
[3]    A true and correct copy of Stockdale's Certificate of Formation is attached as **Exhibit 3**.

Stockdale has developed for the name and mark of "Stockdale" over the years, neither the "Stockdale" name nor the "Stockdale" mark bears any relationship to the real estate services offered by Stockdale. Further, "Stockdale" does not indicate the specific location of Stockdale's operations or business reach, and the public does not associate the original, largely unknown locale with Stockdale's brand or services.

16.    Moreover, over the last 29 years, "Stockdale" has acquired a secondary meaning through Stockdale's use of its mark. Over the years, Stockdale has spent thousands of dollars on advertising its services using the Stockdale mark, and the Stockdale mark has remained the same or substantially similar throughout the time Stockdale has been in business. In addition to the Stockdale mark regularly appearing in Stockdale's promotional materials and being ever-present on Stockdale's website for over a decade, the Stockdale mark is regularly used to identify Stockdale's services in newspapers and real estate magazines—sometimes unsolicited. The Stockdale mark is further used to identify Stockdale's services in industry groups such as Urban Land Institute and the International Council of Shopping Centers. Stockdale's customers and partners have come to associate the Stockdale mark with Stockdale's services, and over the last 5 years alone, Stockdale has marketed in excess of $125,000,000.00 in real estate using the Stockdale mark.

**B.    STOCKDALE CAPITAL'S BUSINESS**

17.    Stockdale Capital is a series of companies operating as one collective unit that also holds itself out as a real estate services group. While two of the Stockdale Capital entities were formed in 2013 operating in California, the balance of the Stockdale

Capital entities were formed in 2015 and 2016.[4] And while Stockdale Capital is operating

is the State of Texas, none of the entities composing Stockdale Capital have registered

with the Texas Secretary of State to do business in Texas.

18.    Per Stockdale Capital's website, Stockdale Capital is associated with

properties in California, Arizona, and more recently, Texas. Specifically as to Stockdale

Capital's Texas operations, Stockdale Capital purports to manage a property in El Paso,

Texas (a property called "9009 Railroad"), to manage two office buildings in Sugar Land,

Texas (called "Sugar Creek I & II"),[5] and has an operations office in Sugar Land, Texas.

19.    In an effort to take unfair advantage of Stockdale's trade goodwill in the

real services space, Stockdale operates under the following mark:



The marks are strikingly similar. Like the real Stockdale's mark, the Stockdale Capital

mark is in all-caps, block lettering, of the same color scheme as Stockdale's, and also

bears an abstract emblem on the left side of the mark. Moreover, Stockdale Capital's

website contains substantially similar information in a substantially similar format as the

format of the real Stockdale website:

---

[4]      True and correct copies of the filings of all Stockdale Capital entities with the Delaware Secretary
of State are attached as **Exhibits 4A –4F**.
[5]      A true and correct copy of pages from Stockdale Capital's website (https://stockdalecapital.com/)
is attached hereto as **Exhibit 5.**



And in fact, Stockdale Capital's website (stockdalecapital.com) largely has the same design, color palette, and feel as that of the real Stockdale's (stockdale.com):





Accordingly, in using its website to conduct business in the real estate development and property management spaces in the same regions as Stockdale, Stockdale Capital is unfairly and illegally taking advantage of the Stockdale name, the Stockdale mark, and Stockdale's goodwill that Stockdale has developed over the last 29 years.

## C.    CONFUSION AS TO SOURCE, AFFILIATION, AND SPONSORSHIP

20.    Stockdale Capital's unfair use of the Stockdale name has resulted in significant market confusion as to the source, affiliation, and sponsorship of Stockdale Capital and its services. As an initial matter, Stockdale Capital's improper parroting of Stockdale is especially egregious in the real estate services industry. In the real estate services industry, it is not unusual for operators and owners of real estate to form several, similarly named entities to hold each asset owned and/or managed by the company (known in the industry as "single-purpose entities"). This wide-spread, industry practice

makes Stockdale Capital's scheme all the more effective at confusing the public. While it is typical for real estate developers and managers to operate their businesses through a family of similarly named entities while advertising their services under the trade name common to the family of entities, the similarly named entities typically have common ownership stemming from the same business source. As between Stockdale and Stockdale Capital, this is not the case.

21.    Here, Stockdale Capital's continued use of Stockdale's name and mark has confused clients and potential clients of Stockdale's and caused the would-be Stockdale clients and business affiliates to mistakenly believe that they are dealing with the real Stockdale when they are dealing with Stockdale Capital. By way of example, Lincoln Property Company, CBRE Group, Inc., Holliday Fenoglio Fowler, L.P., and Arch Capital have all reported instances of confusion between the two companies. These entities are major, sophisticated players in the United States real estate market. The fact that they each have confused Stockdale and Stockdale Capital is telling and highly problematic for the maintenance of the legacy, Stockdale brand.

22.    By way of further example, news media outlets confuse the two companies. Recently, Stockdale Capital has become involved with the redevelopment of a shopping mall in downtown San Diego called the Horton Plaza Mall. Since early June of this year, several news media outlets including 10 News, an ABC affiliate, incorrectly associated the real Stockdale with the project:[6]

---

[6]    Attached as **Exhibit 6** is true and correct copies of this incorrect report.

SAN DIEGO (KGTV) - The Horton Plaza mall, a downtown San Diego icon since 1985 that has fallen into hard times, appears to be close to being sold.

Multiple sources confirmed to 10News that Stockdale Capital Partners is now in escrow to buy the mall.

*(Correction - An earlier version of this story incorrectly referred to the company buying Horton Plaza as Stockdale Investment Group. However, Stockdale Capital Partners is in escrow to buy the property)*

And outside the media, the real Stockdale began receiving communications such as these commenting on Stockdale's involvement in the Horton Plaza Mall project:[7]

**From:** Michael Townsend <michael@townsendassociates.com>
**Sent:** Friday, June 22, 2018 2:59 PM
**To:** Joe Pastora <jpastora@stockdale.com>
**Subject:** Fwd: New owner to convert iconic Horton Plaza to mixed-use | ICSC: International Council of Shopping Centers

Is this you guys?!

May have fun anchor for you is so....

Michael Townsend
Townsend & Associates, Inc.
tel: (310) 286-9945
www.townsendassociates.com
www.summerhillatl.com

Since Stockdale Capital started operating under the "Stockdale" name, the confusion between the real Stockdale and Stockdale Capital has been pervasive. In fact, a simple Google search of "Stockdale" and "real estate" also illustrates the problem. While the subject line of these sample articles suggests news will be reported about the real Stockdale, these article are, in fact, reporting Stockdale Capital's alleged activities:

---

[7]    A true and correct copy of this correspondence is attached as **Exhibit 7**.

Stockdale Puts Parking Garage in San Francisco Under Contract for ...
https://news.theregistrysf.com › Commercial ▾
Aug 17, 2017 · Stockdale Capital Partners, 350 Beach Street, San Francisco, Grosvenor Group, Ace Parking, San Francisco, Newmark Grubb Knight Frank, ...

CoStar News · Stockdale Quietly Shops Repurposing of San Diego ...
product.costar.com/home/news/shared/192770 ▾
Jun 29, 2018 · Stockdale Capital Partners of Los Angeles has shown local business and civic leaders its plans to convert downtown San Diego's Westfield ...

Stockdale Targets Parking Structures with New JV | GlobeSt
https://www.globest.com/sites/.../09/.../stockdale-targets-parking-structures-with-new-j... ▾
Sep 9, 2016 · LOS ANGELES—Stockdale Capital Partners forms a joint venture with Grosvenor Group and Ace Parking Management to acquire ...

Quilvest, Stockdale establish US medical office JV, buy first asset in ...
https://realassets.ipe.com/news/markets-and...stockdale...us.../10017757.article ▾
Feb 28, 2017 · Quilvest, through its private equity arm, has created a joint venture with Stockdale Capital Partners to buy medical office buildings in the west ...

23.     Upon information and belief, the confusion between Stockdale and Stockdale Capital has led to projects that were intended for the real Stockdale to be marketed to Stockdale Capital, and upon further information and belief, Stockdale Capital's infringement of the Stockdale name and mark has caused Stockdale Capital to earn illicit profits at the expense of the real Stockdale.

24.     Aside from the fact that Stockdale Capital is confusing Stockdale's customers and the media, Stockdale Capital has also created significant confusion between the two companies as to prospective talent in employee recruiting. While the real Stockdale was voted a "Best Places to Work" by the Dallas Business Journal last year,

Stockdale Capital routinely receives negative reviews from former employees further besmirching the Stockdale brand.

25.    Accordingly, by letter dated June 26, 2018, Stockdale's counsel demanded that Stockdale Capital cease and desist the use of the Stockdale capital name and trademark.[8] In this correspondence, Stockdale further advised Stockdale Capital that Stockdale had filed a federal service mark application (bearing Serial No. 88/006185). Even so, Stockdale Capital persists in parading as Stockdale. Even now, upon information and belief, Stockdale Capital is using the Stockdale name in a capital raise improperly recruiting investors to participate in Stockdale Capital's business model based on infringing upon the Stockdale trade name.

26.    Stockdale Capital's use of the Stockdale name and trademark infringes on Stockdale's trademark rights.

### IV.    CONDITIONS PRECEDENT

27.    All conditions precedent to Stockdale's recovery on the claims made the subject of this suit have been performed, have occurred, or have been waived or excused.

### V.    CAUSES OF ACTION

28.    The acts or omissions of Stockdale Capital, as set forth herein, give rise to the following claims and causes of action:

### A.    COUNT I – TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

29.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

---

[8]    A true and correct copy of the June 26, 2018 demand letter is attached as **Exhibit 8**.

14

30. Stockdale owns a legally protectable mark. The "Stockdale" mark is an arbitrary mark and/or is otherwise inherently distinctive. In the alternative, the "Stockdale" mark is protectable as it has developed a secondary meaning over its years of use by Stockdale.

31. Stockdale Capital's false representations, false descriptions, and false designations of origin of its goods violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Stockdale Capital's unauthorized use of the Stockdale mark constitutes infringement of an unregistered trademark, and is, therefore, actionable under Section 43(a) of the Lanham Act.

32. Stockdale Capital has infringed on the unregistered Stockdale trademark. Each of these infringements stands on its own and is a distinctive violation of the Lanham Act.

33. Stockdale Capital's actions have caused confusion, deception, and mistake and unless enjoined by this Court, will continue to cause of a likelihood of confusion, deception, and mistake by creating the false and misleading impression that Stockdale Capital's goods and services are affiliated, connected, or associated with Stockdale, or have the sponsorship, endorsement, or approval of Stockdale.

34. Stockdale Capital's conduct is intentional, willful, malicious, wanton, and designed to trade on the goodwill associated with Stockdale's marks, and such conduct causes irreparable injury to Stockdale, for which Stockdale has no adequate remedy at law.

15

35.    Stockdale Capital's use of the Stockdale's trademark in its marketing and selling of real estate development and property management services infringes on Stockdale's exclusive rights in those marks.

36.    Stockdale Capital's conduct has caused, and is likely to continue causing, substantial injury to the public and to Stockdale, and Stockdale is entitled to preliminary and permanent injunctive relief, and to recover Stockdale Capital's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 117. Specifically, Stockdale seeks to have the Court enforce an injunction prohibiting Stockdale Capital, and anyone acting in concert with them, from marketing and selling real estate development and property management services bearing Stockdale's mark, name, and descriptions to protect Stockdale's trademark, goodwill, and to prevent further infringement by Stockdale Capital.

**B.    COUNT II – TRADEMARK DILUTION (15 U.S.C. § 1125(C)(1))**

37.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

38.    Stockdale's trademark and name have acquired distinctiveness and are famous in the real estate design, construction, and property management space particularly among consumers of real estate development and property management services. In the alternative, the Stockdale mark has a secondary meaning.

39.    Stockdale Capital has unlawfully marketed and sold products bearing Stockdale's mark.

16

40. Stockdale Capital began using the Stockdale's trademark after Stockdale had already made the marks famous.

41. By offering and selling to consumers of real estate development and property management services with a derivative of Stockdale's trademark, Stockdale Capital are passing off Stockdale's services as their own and diluting Stockdale's trademark by blurring and causing confusion in the marketplace.

42. Stockdale Capital's ongoing use of Stockdale's trademark is likely to continue to cause dilution by blurring.

43. Through Stockdale Capital's complained of acts, Stockdale Capital willfully intended to trade on consumer recognition of Stockdale's trademark and name and to cause dilution of the Stockdale's trademark. Consequently, Stockdale is entitled to damages.

44. Stockdale is also entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c)(1) to stop Stockdale Capital from diluting the distinctive quality of the Stockdale's trademark.

## C. COUNT III – COMMON LAW PASSING OFF (TEX. BUS. & COMM. CODE ANN. § 16.103)

45. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

46. Plaintiff is the owner of famous and distinctive marks, the Stockdale trademark, which has acquired distinctiveness in the real estate design, construction, and

property management industry, particularly among buyers and users of real estate development and property management services.

47.    Stockdale Capital has been unlawfully marketing and selling products bearing Stockdale's trademark, name and descriptions, and traded on such information.

48.    Stockdale Capital's acts of marketing and selling products bearing Stockdale's trademark, name, and descriptions as their own constitute acts of passing off such products as their own, causing confusion in the marketplace for real estate development and property management services.

49.    Stockdale Capital's on-going use of Stockdale's mark, name, and descriptions is likely to cause and continue to cause dilution by blurring.

50.    Through Stockdale Capital's willful and complained of acts, Stockdale Capital are willfully and in bad faith trading on consumer recognition of Stockdale's trademark and name, and creating a false association with its marketing and sale of its own real estate services.

51.    Stockdale is entitled to injunctive relief pursuant to section 16.103(c) of the Texas Business and Commerce Code, as well as an award of all Stockdale Capital's ill-gotten profits, and damages.

52.    Further, Stockdale is entitled to enhanced profits and damages, as well as reasonable attorneys' fees pursuant to §§ 16.103(c) and 16.104(c) of the Texas Business and Commerce Code.

**D.    <u>COUNT IV – FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))</u>**

53.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

54.    This claim is for violations of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), *et seq.*

55.    Stockdale Capital's advertising, promotion, and sale of real estate services using the Stockdale's trademark and/or other names, marks, or branding scheme confusingly similar to those marks and the Stockdale branding scheme, constitutes unfair competition, false designation of origin, and false or misleading representations of fact.

56.    Stockdale Capital's actions, namely wrongfully and falsely designating their services as originating from, or connected with, sponsored by or authorized by Stockdale, constitute utilization of false descriptions or representations in interstate commerce, in violation of the Lanham Act, 15 U.S.C. §1125(a).

57.    By using the Stockdale's trademark, Stockdale Capital misrepresents and falsely describe to the general public and trade the origin and source of their infringing real estate services and creates a likelihood of confusion as to both the source and sponsorship of such real estate services.

58.    Moreover, Stockdale has no control over the quality of the infringing real estate services offered by Stockdale Capital, and therefore, the sale thereof damages Stockdale, dilutes the goodwill of the Stockdale's trademark, and damages the reputation that Stockdale has developed in connection with the quality real estate services offered under the Stockdale's trademark.

59.     Stockdale Capital's use of the Stockdale's trademark was, and remains, without the authorization or consent of Stockdale.

60.     The real estate services sold and offered by Stockdale Capital are of the same general nature and type as the real estate services using the Stockdale's trademark, and as such Stockdale Capital's use is likely to, and upon information and belief, is certainly intended to, cause confusion among the trade and the purchasing public.

61.     Stockdale Capital's use of the Stockdale's trademark in connection with the advertising and sale of their real estate services also is likely to cause and has caused irreparable harm to Stockdale, including, but not limited to, detriment and diminution in value of Stockdale's trademark.

62.     Stockdale Capital's unlawful and unauthorized offer for sale and distribution of real estate services confusingly similar to those offered by Stockdale creates express and implied misrepresentations that such services were created, authorized, or approved by Stockdale and/or through Stockdale's business associates and potential clients, and are of the same quality and source as Stockdale's services.

63.     As a result of the acts described above, Stockdale is entitled to preliminary and permanent injunctive relief to enjoin Stockdale Capital's acts infringing the Stockdale's trademark, to recover its damages and Stockdale Capital's gains, profits, and advantages obtained as a result of the acts alleged above and to recover treble damages and enhanced profits in an amount to be determined.

64.     Stockdale Capital knew or had reason to know of Stockdale's use of the Stockdale mark and deliberately adopted a confusingly similar mark. Given that

Stockdale Capital's actions were willful, deliberate, and fraudulent, this is an exceptional case, and Stockdale is entitled to damages and an award of reasonable attorneys' fees against Stockdale Capital.

**E.    COUNT V – TEXAS COMMON LAW UNFAIR COMPETITION**

65.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

66.    Stockdale Capital's unlawful acts have illegally interfered with Stockdale's ability to conduct its business.

**F.    COUNT VI – TEXAS COMMON LAW UNJUST ENRICHMENT**

67.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

68.    By marketing and selling real estate services bearing Stockdale's trademark, Stockdale Capital has been unjustly enriched and has garnered profits that rightfully belong to Stockdale.

69.    Stockdale Capital's profits are directly related to Stockdale Capital's wrongful acts pertaining to Stockdale's mark and interference with Stockdale's customers and potential customers.

70.    Stockdale Capital should be disgorged of their ill-gotten gains.

**G.    COUNT VII – TEXAS COMMON LAW TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONSHIPS**

71.    All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

72.     Stockdale Capital has tortiously interfered with Stockdale's prospective contracts with consumers of real estate services.

73.     Stockdale Capital had no legal justification for its acts of interference with these prospective contractual relations of Stockdale.

74.     Stockdale Capital's acts of tortious interference with prospective contractual relations have proximately caused damages to Stockdale.

75.     Stockdale Capital's acts of tortious interference with prospective contractual relations have been intentional, willful, and malicious.

## H.    COUNT VIII - TEXAS TRADEMARK DILUTION STATUTE

76.     All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

77.     The Texas Trademark Dilution Statute provides that:

*The owner of a mark that is famous and distinctive, inherently or through acquired distinctiveness, in this state is entitled to enjoin another person's commercial use of a mark or trade name that begins after the mark has become famous if use of the mark or trade name is likely to cause the dilution of the famous mark.*

TEX. BUS. & COM. CODE ANN. § 16.103.

78.     Despite Stockdale's well-known and prior established rights in the Stockdale mark, Stockdale Capital engaged in the advertising, promotion, and sale of its real estate investment and management services, in a confusingly similar manner, within the State of Texas.

79.     Stockdale Capital's use of the Stockdale mark in the identification, and advertising of its real estate services within the State of Texas is likely to blur the

distinctive qualities of the Stockdale's mark, to cause dilution and to cause injury to the Stockdale's business reputation in violation of the Texas Business and Commerce Code, Title 2, Chapter 16, Section 16.103.

80.     Upon information and belief, Stockdale Capital's dilution of Stockdale's mark was done intentionally, with knowledge of Stockdale's senior rights, in a bad faith, willful, and deliberate attempt to trade on the goodwill and reputation of Stockdale. Further, Stockdale Capital failed, despite demand, to cease and desist from further acts of dilution.

81.     Such wrongful acts of Stockdale Capital constitute dilution of a famous mark for which Stockdale brings this action to enjoin the use, display, or sale of any counterfeits or imitations of Stockdale's mark and payment of all profits derived from or damages resulting from the wrongful acts.

82.     In view of the willfulness of Stockdale Capital's acts, this is an exceptional case deserving an award of three times the amount of profits and damages and attorneys' fee under the Texas Business and Commerce Code, Title 2, Chapter 16, Section 16.104.

83.     Unless enjoined by this Court, Stockdale Capital will continue its acts of dilution, thereby causing Stockdale immediate and irreparable damage for which the real Stockdale has no adequate remedy at law.

## I.     ATTORNEYS' FEES AND EXPENSES

84.     Stockdale reasserts and incorporates by reference all preceding paragraphs as if set forth herein.

85.     Stockdale Capital's conduct has required Stockdale to retain the undersigned attorneys. Stockdale Capital has agreed to pay their legal counsel reasonable and necessary attorneys' fees and expenses. Accordingly, Stockdale is entitled to recover reasonable and necessary attorneys' fees and expenses from Stockdale Capital under (i) 15 U.S.C. § 1117, and (ii) Texas Business and Commerce Code §§ 16.103(c) and 16.104(c). Moreover, Stockdale may recover its reasonable attorneys' fees and expenses as a part of any exemplary or punitive damages that might be awarded to Stockdale.

## VI.    APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

86.     Stockdale reasserts and incorporates by reference all preceding paragraphs as if set forth fully herein.

87.     This claim is for injunctive relief pursuant to 15 U.S.C. §§ 1114, 1116, and 1125 as well as § 16.103 of the Texas Business and Commerce Code.

88.     Stockdale Capital's use of the Stockdale's trademark has confused and misled consumers of real estate development and property management services, and is likely to continue to confuse and mislead consumers of real estate development and property management services, and constitutes a false designation of origin and false description and representation in commerce, in violation of 15 U.S.C. §§ 1114 and 1125(a).

89.     Unless a temporary restraining order and/or a preliminary injunction and a permanent injunction are entered prohibiting Stockdale Capital from unlawfully marketing and selling real estate development and property management services bearing

24

Stockdale's trademark, name and descriptions, Stockdale will suffer immediate and irreparable harm, loss and damages in the form of dilution, lost revenues, lost goodwill, and significant loss in prospective business.

90.    There is a strong probability that Stockdale will succeed on the merits of its case given the facts outlined above and considering the intentional acts of Stockdale Capital. Although the facts are not fully developed, the risk to Stockdale is substantial enough to warrant seeking the Court's immediate relief.

91.    Due to the difficulty in measuring damages incurred, there is no adequate remedy at law and injunctive relief is required to preserve the status quo, potentially limit Stockdale's damages, and prevent future injury.

92.    Stockdale is willing and able to post bond, as ordered by the Court, in support of any injunctive order issued by the Court.

93.    Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Stockdale also seeks temporary, preliminary, and permanent injunctive relief prohibiting Stockdale Capital, together with their agents, representatives and all others in active concert or participation with them, from:

a.    Using and/or infringing on the legally owned property of Stockdale, including the use of the Stockdale mark and/or any name or mark confusing similar to the Stockdale mark;

b.    Using, reproducing, displaying, distributing, and/or registering the Stockdale mark and any trade names and trademarks containing Stockdale (or any variations thereof), or any name, mark, or branding scheme confusingly similar to the Stockdale mark within the State of Texas and in interstate commerce (including the internet) and in any and all advertising (including, without limitation, print advertising and property signage) and national

25

media (including, without limitation, any social media accounts and websites owned and operated by Stockdale Capital or any social media accounts and websites from which Stockdale Capital may advertise its products or services) targeting customers within the State of Texas or elsewhere;

c.     Holding itself out as affiliated with Stockdale in any way;

d.     Posting of signage containing the Stockdale mark at any place of business located within the State of Texas or elsewhere; and/or;

e.     Otherwise engaging in any conduct or course of conduct likely to enable Stockdale Capital to benefit from the valuable goodwill and hard-earned reputation established by Stockdale.

## VII.   DAMAGES

94.     All preceding paragraphs are incorporated herein by reference for all purposes.

95.      In addition to the injunctive relief prayed for above, Stockdale brings this suit for recovery of all actual damages suffered, or to be suffered, by it as a result of the wrongful acts of Stockdale Capital. Stockdale also brings this suit for recovery of an award of treble or exemplary damages against Stockdale Capital and the recovery of Stockdale's reasonable and necessary attorneys' fees.

## VIII.   JURY DEMAND

96.     Stockdale demands a trial by jury.

## IX.   PRAYER

WHEREFORE PREMISES CONSIDERED, Stockdale Investment Group, Inc. d/b/a Stockdale prays that the Court grant Stockdale's application for temporary restraining order and preliminary injunctive relief against Defendants Stockdale Capital Partners, LLC; Stockdale Capital Partners Re Fund I GP, LLC; Stockdale Capital

Partners Real Estate Fund, LP; Stockdale Capital Partners Re Investments, LLC; Stockdale Capital Re, LLC; Stockdale Capital Services, LLC, and that upon final hearing or trial hereof, Stockdale have judgment against Stockdale Capital for Stockdale's actual and exemplary damages, enhanced profits and damages, and requests for a permanent injunction, reasonable and necessary attorneys' fees and expenses, and costs of suit, prejudgment and post-judgment interest, equitable relief including unjust enrichment and disgorgement of profits, and such other and further relief, general or special, at law or in equity to which Stockdale may be justly entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Tom Van Arsdel*
    Tom Van Arsdel
    State Bar No. 24008196
    Federal ID 23492
    tvanarsdel@winstead.com
    Kasi Chadwick
    State Bar No. 24087278
    Federal ID 2421911
    kchadwick@winstead.com
    600 Travis, Suite 5200
    Houston, Texas 77002
    Telephone: (713) 650-8400
    Facsimile: (713) 650-2400

**ATTORNEYS FOR PLAINTIFF STOCKDALE INVESTMENT GROUP, INC. D/B/A STOCKDALE**