IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STOCKDALE INVESTMENT GROUP, INC. D/B/A STOCKDALE<br>*Plaintiff*, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-02949 |
| STOCKDALE CAPITAL PARTNERS, LLC; STOCKDALE CAPITAL PARTNERS RE FUND I GP, LLC; STOCKDALE CAPITAL PARTNERS REAL ESTATE FUND, LP; STOCKDALE CAPITAL RE INVESTMENTS, LLC; STOCKDALE CAPITAL RE, LLC; and STOCKDALE CAPITAL SERVICES, LLC<br>*Defendants*. | § § § § § § § § § § § | |

# JURY INSTRUCTIONS

1

**INSTRUCTION NO. 1:**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendants in arriving at your verdict.

**INSTRUCTION NO. 2:**

Plaintiff has the burden of proving its case by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

**INSTRUCTION NO. 3:**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**INSTRUCTION NO. 4:**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**INSTRUCTION NO. 5:**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**INSTRUCTION NO. 6:**

    Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**INSTRUCTION NO. 7:**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**INSTRUCTION NO. 8:**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**INSTRUCTION NO. 9:**

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**INSTRUCTION NO. 10:**

You are instructed as follows:

The term "Plaintiff" or "Stockdale Investment Group" means Stockdale Investment Group, Inc. d/b/a Stockdale.

The term "Defendants" or "Stockdale Capital" means Stockdale Capital Partners, LLC; Stockdale Capital Partners RE Fund I GP, LLC; Stockdale Capital Partners Real Estate Fund, LP; Stockdale Capital Partners RE Investments, LLC; Stockdale Capital RE, LLC; Stockdale Capital Services, LLC; Stockdale Management, LLC; Stockdale/SG, LLC and Stockdale Acquisitions, LLC

**INSTRUCTION NO. 11: Definition and Purpose of Trademark**

Plaintiff Stockdale Investment Group asserts claims against Defendants Stockdale Capital Partners for trademark infringement and unfair competition.

A trademark is any word, symbol, or device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods. The owner of a trademark has the right to exclude others from using that trademark subject to certain defenses.

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services; so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

**INSTRUCTION NO. 12: Plaintiff Stockdale Investment Group's Claims**

Plaintiff asserts that it is the owner of the trademark STOCKDALE in connection with commercial real estate investment, development, leasing, sales, acquisition, and property management services. Plaintiff Stockdale Investment Group accuses Defendants Stockdale Capital Partners of trademark infringement based on Defendants' use of the term STOCKDALE in connection with its services. Plaintiff asserts three different violations of its rights in its trademark: 1) trademark infringement under the Lanham Act, 2) unfair competition under the Lanham Act, and 3) common law trademark infringement. Each of these claims requires proof of the same elements, which I will explain in detail below. Plaintiff must prove each element of each of its claims by a preponderance of the evidence.

**Elements of Plaintiff Stockdale Investment Group's Claims.**

Plaintiff must prove the following things by a preponderance of the evidence:

(1) Plaintiff Stockdale Investment Group is the owner or senior user of the term STOCKDALE;
(2) STOCKDALE is a valid, protectable mark; and
(3) Defendants Stockdale Capital Partners' use of the STOCKDALE mark creates a likelihood of confusion as to the source, origin, sponsorship or approval of Defendants' services.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff. However, if Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for Defendants.

**INSTRUCTION NO. 13: Ownership of Unregistered Trademark**

Plaintiff Stockdale Investment Group must show by a preponderance of the evidence that STOCKDALE is a protectable mark owned by Plaintiff Stockdale Investment Group.

Plaintiff owns STOCKDALE as a trademark if Plaintiff used the term in a manner that allowed consumers to identify the term with Plaintiff or its services before Defendants began to use STOCKDALE in association with their services.

**INSTRUCTION NO. 14: Trademark Validity**

A valid trademark is a term that is "distinctive," which means that the term is capable of distinguishing Plaintiff's product or services from the products or services of others. A trademark is valid if it is inherently distinctive or if it has acquired distinctiveness.

In this case, the Court has determined that the mark STOCKDALE is descriptive, which means that it can be valid only if it has "acquired distinctiveness." Therefore, you need only decide whether the term "Stockdale" has acquired distinctiveness, which may also be referred to having acquired "secondary meaning."

**INSTRUCTION NO. 15: Secondary Meaning / Acquired Distinctiveness**

A mark has "acquired distinctiveness" or acquired "secondary meaning" when, in the minds of the relevant consuming public, the primary significance of a product feature or term is to identify the source of the product rather than the product itself. The focus of the inquiry is on the relevant consuming public's mental association between the mark STOCKDALE and Stockdale Investment Group. To show that the term STOCKDALE has acquired distinctiveness, Plaintiff must prove by a preponderance of the evidence:

    1. A significant quantity of the relevant consuming public identifies the product or service with Plaintiff; and

    2. The term STOCKDALE "acquired distinctiveness" before Defendants first began to use the term STOCKDALE.

To decide whether the term STOCKDALE has "acquired distinctiveness," you may consider the following:

    (1) Length and manner of Plaintiff's use of the term STOCKDALE;
    (2) Volume of sales of Plaintiff's services using the term STOCKDALE;
    (3) Amount and manner of advertising of Plaintiff's services using the term STOCKDALE;
    (4) The nature of use of the mark in newspapers and magazines;
    (5) Consumer-survey evidence;
    (6) Direct consumer testimony; and
    (7) Stockdale Capital Partner's intent in copying the mark.

The weight to be given to each of these factors is up to you to determine. No single factor is dispositive; no particular factor or number of factors is required to prove secondary meaning.

**INSTRUCTION NO. 16: Likelihood of Confusion**

Plaintiff must prove by a preponderance of the evidence that Defendants used the term STOCKDALE in a manner that is likely to cause confusion as to the source, origin, sponsorship, or approval of Defendants' product.

Plaintiff must prove a likelihood of confusion among a substantial number of people who buy or use, or consider buying or using, the parties' product or services or similar products or services.

In deciding this, you should consider the following:

1. **The strength of the Plaintiff's trademark.** Consider the relative "distinctiveness" of each mark. The strength or distinctiveness of a mark determines the amount of protection the mark receives. Stronger marks are widely protected, whereas weaker marks are entitled only to narrow protection. You were previously instructed that Stockdale Investment Group's use of STOCKDALE is "descriptive." In evaluating this digit, you may consider the extent of third-party usage of similar marks.

2. **The similarity of Plaintiff's and Defendants' trademark.** Consider the overall impression of the marks, including their appearance, sound, and meaning. You should consider the marks in the context that a customer perceives them in the marketplace. You should look at the mark as a whole, rather than on a comparison of individual features. The greater the similarity in the marks, the greater the likelihood of confusion.

3. **The similarity of Plaintiff's and Defendants' products or services.** In general, the greater the similarity between the products and services, the greater the likelihood of confusion, and vice versa.

4. **The identity of retail outlets and purchasers.** Consider whether the same people use both Plaintiff's and Defendants' products and services.

5. **The similarity of advertising media used.** You should consider whether Stockdale Investment Group and Stockdale Capital Partners advertise or promote their businesses in the same or similar media. In general, the greater the similarity in advertising campaigns, the greater the likelihood of confusion, and vice versa.

6. **Defendants' intent.** Consider whether Defendants intended to trade on the reputation of Plaintiff when selecting its name. You should consider the Defendants' motive or reason for choosing the term STOCKDALE. Plaintiff does not have to show that the Defendants copied its name with the intention of passing off its products or services as Plaintiff's products or services, but if you find that the Defendants chose the term STOCKDALE with the intention of exploiting the popular recognition, if any existed, in the name "Stockdale Capital Group," then this is evidence of a likelihood of confusion. If, however, Stockdale Capital Partners acted in good faith in adopting its name, then this digit of confusion becomes a

nonfactor in the likelihood-of-confusion analysis. Proof of intent to confuse the public is not necessary to a finding of a likelihood of confusion.

7. **Actual confusion.** The actual confusion that is meaningful in a trademark case is evidence that demonstrates actual confusion as to either the source or the quality of one party's services for the other, due to use of the same or similar names for the goods or services in question. The confusion is not limited to only customers but can include vendors, suppliers, end users, and other business contacts confused by the two entities. Actual confusion is the best evidence of confusion but, because the presence of actual confusion is usually difficult to show, a finding of actual confusion is not required for a finding of likelihood of confusion. You should consider the frequency of actual confusion compared to the period Stockdale Capital Partners allegedly conducted business under its name. An absence of, or minimal, actual confusion, over an extended period of time of concurrent business weighs against a likelihood of confusion.

8. **Degree of care exercised by potential purchasers.** Consider the degree of care that consumers in the commercial real estate area use. The greater the care potential purchasers exercise, the less likely they will confuse a junior user's products or services with the senior mark user's products or services. You should consider the amount of diligence and communication which takes place before any purchasing decisions, as well as the magnitude of the transactions.

The weight to be given to each of these factors is up to you to determine. No single digit is dispositive; no particular factor or number of factors is required to prove likelihood of confusion. You do not need to find that a majority of the factors have been shown to find that there is a likelihood on confusion. The digits may weigh differently from case to case, depending on the particular facts and circumstances involved.

**INSTRUCTION NO. 17:**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**INTERROGATORIES TO THE JURY:**

In answering the following questions, you are instructed to refer to the instructions provided to you which will inform you of the law. Depending on your answers, you may not be required to answer all questions. Please consult the instructions provided to determine, based on your answer to that question, which question, if any, you should answer next.

**QUESTION 1:**

Does Plaintiff own a trademark that is entitled to protection? In other words, do you find that Stockdale Investment Group has proved by a preponderance of the evidence that the mark STOCKDALE has acquired a secondary meaning?

    Answer Yes or No: __NO__

Answer Question 2 if you answered "Yes" to Question 1. Otherwise, do not answer Question 2.

**QUESTION 2:**

Do you find that Stockdale Investment Group has proved by a preponderance of the evidence that the mark STOCKDALE acquired a secondary meaning prior to the date of Defendants' first use of the name STOCKDALE?

    Answer Yes or No: _____

Answer Question 3 if you answered "Yes" to Question 2. Otherwise, do not answer Question 3.

**QUESTION 3:**

Do you find that Stockdale Investment Group has proved by a preponderance of the evidence that Stockdale Capital Partner's use of the term STOCKDALE causes a likelihood of confusion with Stockdale Investment Group's use of STOCKDALE?

    Answer Yes or No: _____

Dated 11/15/19  Signed: _____
              **Jury Foreperson**

20